IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Johnny W. Crockett, ) | C/A No.: 0:12-1744-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Detective J. Waldrop, ) | |
| ) | |
| Defendant. ) | |

Johnny Crockett ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 against Detective J. Waldrop ("Defendant").[1] This matter comes before the court on Defendant's motion for summary judgment. [Entry #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #29]. This matter having been fully briefed [Entry #42], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). Because the motion for summary judgment is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends Defendant's motion for summary judgment be granted.

---

[1] Plaintiff also originally named Solicitor Amy Sikora as a defendant, but she was summarily dismissed from the case on August 31, 2012. [Entry #17].

I.      Factual Background

Plaintiff alleges that Defendant arrested him on March 15, 2010, and charged him with grand larceny and damage to property. [Entry #1 at 3]. According to Defendant, and undisputed by Plaintiff, the following facts led to Plaintiff's arrest: On February 24, 2010, Officer Maury G. Wayne of the Rock Hill Police Department took a complaint and prepared an incident report in response to a theft that took place at CTR on Porter Road in Rock Hill, South Carolina. [Entry #28-3 at 6]. The report was assigned to Defendant for a follow-up investigation. *Id*. at 2. The incident report recited the following pertinent information:

> On 2-24-2010, Officer Maury responded to CTR, located at 298 Porter Rd in reference to larceny. A supervisor with the company, Bill Templeton [birthdate omitted] stated that over the past few days started on 2-15-10, someone has been coming into the property and stealing copper and brass pipes and fittings off gas tanks. Mr. Templeton believes it may be someone who knows about these tanks because the suspects usually do not mess with the pipes with high pressure running to them. Mr. Templeton also wanted Officers to be aware that a white Ford Ranger long bed truck was seen in the area on the side road yesterday or the day before and two black males got out and were seen walking around in the woods next to the facility. Mr. Templeton stated that sometimes people would steal from them and keep the items in the woods next to the facility. Mr. Templeton also stated that this time, the suspect left footprints in the mud and a large pipe wrench on the scene. Mr. Templeton took several photos. The disk of photos and the pipe wrench were dropped into evidence; the wrench to be processed for latent prints. The case remains active.

*Id*. at 6.

As part of his investigation, Defendant met with Duance Templeton at CTR to obtain more information. *Id*. at 3. Mr. Templeton reported that the thefts had occurred between February 15th and February 24th and that it had been an ongoing problem. *Id*.

2

He further reported that someone had removed over $5000 worth of copper tubing, brass valves and copper valves from the high pressure storage tanks from the storage yard. *Id*. In the process of removing those items, the tanks had sustained over $10,000 in damage. *Id*.

CTR notified Palmetto Recycling that thefts had occurred at the facility. [Entry #28-3 at 15]. On February 27, 2010, an employee of Palmetto Recycling called to report that Palmetto Recycling had purchased 109 pieces of brass, copper, stainless steel, and steel that had been sold as scrap metal. *Id*. Officers responded to Palmetto Recycling and met Mr. Templeton there. *Id*. Mr. Templeton identified the items as having been stolen from CTR. *Id*. The materials were taken to CTR, where they matched the tanks missing the items. *Id*.

Palmetto Recycling identified Johnny Crockett as the name of the person who sold the stolen items to them. *Id*. Based on the information provided, Defendant obtained arrest warrants for Plaintiff for charges of grand larceny and malicious destruction to property. *Id*. at 12–13. On March 15, 2010, Plaintiff returned to Palmetto Recycling with another load of brass, copper, and aluminum that had allegedly been stolen from CTR. *Id*. at 4. An employee of Palmetto Recycling called the Rock Hill Police Department to report the receipt of additional items. *Id*. When Plaintiff returned to Palmetto Recycling later that day to receive payment for the items, he was arrested pursuant to the warrants. *Id*.

Plaintiff alleges that a magistrate judge dismissed the charges at a preliminary hearing, because there was no probable cause. *Id*. He asserts a claim of false arrest

against Defendant and requests monetary relief. [Entry #1].

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow

4

the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Although Plaintiff attacks Defendant's investigation and asserts that there was no probable cause to arrest him, he does not dispute that Defendant arrested him pursuant to warrants signed by a judge. [Entry #42-2]. In an action brought pursuant to 42 U.S.C. § 1983 based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest).

Plaintiff appears to contest the validity of the arrest warrants, claiming that they were signed by the judge on February 23, 2010—a day before the police were dispatched to CTR in reference to the larceny. [Entry #42-2 at 2]. However, a review of the warrants reveals that the exact date of the judge's signature is illegible, although it appears to be a date in March 2010. [Entry #28-3 at 12–13]. The warrants list February 23, 2010, as the date of the offense. *Id*. Plaintiff provides proof that the charges were dismissed at the preliminary hearing. [Entry #42-7]. However, regardless of the determination at the preliminary hearing, Plaintiff has not set forth evidence disputing that Defendant arrested

5

him pursuant to facially valid warrants, which precludes a claim of false arrest. Therefore, it is recommended that Defendant's motion for summary judgment be granted.

III.    Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment [Entry #28] be granted and this case be dismissed with prejudice.

IT IS SO RECOMMENDED.

July 11, 2013                                              Shiva V. Hodges
Columbia, South Carolina                      United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).