UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny W. Crockett, | ) | C/A No. 0:12-1744-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Detective J. Waldrop, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Johnny W. Crockett, is a state inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983[1] claiming that defendant J. Waldrop, a detective with the Rock Hill Police Department, falsely arrested the plaintiff for grand larceny and damage to property without probable cause.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation and opines that the defendant's motion for summary judgment[3] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was entered on the docket on July 11, 2013. The court has reviewed the objections *de novo* and will address them herein.

The Magistrate Judge recommends that the defendant's motion for summary judgment should be granted for the simple reason that the defendant was arrested pursuant to a facially valid arrest warrant issued by a neutral and detached state magistrate judge. In responding to the Report, the plaintiff contends that the "defendant lacked proper investigation" and asserts that the information "wasn't accurate." Beyond this, the plaintiff merely requests that the court "accept my objections to these motions."

The court finds no merit to the objections that have been filed. The plaintiff does not in any way address the Magistrate Judge's determination that no cause of action lies here because the defendant was arrested on a facially valid warrant. Thus, the objections are overruled.

To the extend plaintiff asserts a claim that Detective Waldrop lied to the issuing judge to get a warrant, the claim nevertheless fails. There was an abundance of probable cause to obtain the arrest warrant in this case, most of it provided by sources independent of Detective Waldrop. On two occasions, the plaintiff sold copper and brass pipes and fittings to Palmetto Recycling according to Palmetto recycling employees. These metal parts matched parts that were missing from the tanks and other equipment of CTR on Porter Road in Rock Hill, South Carolina according to CTR personnel. CTR officials provided the defendant with information pointing to the plaintiff as the perpetrator. Parts that were sold actually matched

the parts that were missing from CTR. Palmetto Recycling identified the plaintiff as the person who had sold them the parts on two occasions. In short, there was amble probable cause to obtain the warrant.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporates it herein by reference.

Accordingly, the defendant's motion for summary judgment (ECF No. 28) is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

August 16, 2013
Columbia, South Carolina

3